IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH SANTANIELLO, GIOVANNI CALABRESE, GERALD DANIELE, FRANCESCO DePERGOLA and RICHARD VALENTINI,<br><br>    Defendants. | Criminal Case No. 16-CR-30033-TSH |

MEMORANDUM AND ORDER DENYING SO MUCH OF THE GOVERNMENT'S DETENTION MOTION AS SEEKS PRE-TRIAL DETENTION OF GIOVANNI CALABRESE, GERARD DANIELE, FRANCESCO DePERGOLA AND RICHARD VALENTINI

With Ralph Santaniello ("Santaniello"), defendants Giovanni Calabrese ("Calabrese"), Francesco DePergola ("DePergola") and Richard Valentini ("Valentini") are charged with Conspiracy to Interfere with Commerce by Threats or Violence and aiding and abetting therein in violation of 18 U.S.C. § 1951 & 2.  Gerard Daniele ("Daniele") is charged with Making Extortionate Extensions of Credit and Aiding and Abetting; and Calabrese and Daniele are charged with Conspiracy to Use Extortionate Means to Collect Extensions of Credit in violation of 18 U.S.C. §  894(a).  On the government's motion for detention, the court held a hearing under the Bail Reform Act, 18 U.S.C. § 3142(f).  For the reasons set forth below, the government's detention motion is denied as to Calabrese, DePergola, Daniele, and Valentini.

According to the indictment, each of the defendants is an associate of the Genovese La Cosa Nostra, or Mafia, family.  The indictment refers to two unidentified victims.  Santaniello, Calabrese, DePergola and Valentini are charged with extortion, or aiding and abetting extortion,

1

in connection with extorting a payment from Victim 1, the unidentified operator of a towing company ("First Incident"). Daniele is charged with charging extortionate credit to Victim 2, an unidentified individual who borrowed money to cover his on-line gambling debt ("Second Incident"). When Victim 2 failed to pay Daniele, Santaniello and Calabrese allegedly took over the effort to collect on the debt. The government entered several audio and video recordings of meetings related to the First Incident into evidence at the detention hearing, which the court has reviewed. There are no recordings related to the Second Incident. Probation has recommended pre-trial release for Calabrese, Daniele, DePergola and Valentini subject to conditions. In view of information in the Pretrial Services Report about the defendants' ties to the community, the government does not contend that any of these four defendants poses a risk of flight. The government contends instead that they pose a risk of danger to Victims 1 and 2. By reason of the indictment, the defendants now know that Victims 1 and 2 went to the police.

The factors to be considered in determining whether to release a defendant are set forth in 18 U.S.C. § 3142(g), and are addressed below as to Calabrese, Daniele, DePergola, and Valentini.

   1. Calabrese

The question of pre-trial detention is close as to Calabrese. As to the nature of the crimes charged, extortion generally involves at least the threat of violence, and there were such threats here. The evidence appears to show his significant involvement in the illegal collection of monies. The government's case against him is strong based on the recordings and evidence seized by the government from his house. Calabrese, however, did not seem to make explicit threats in the recordings. The government was aware of Incident 1 and Calabrese's alleged role therein in 2013, but did not arrest him until 2016. In terms of Calabrese's personal characteristics, his personal situation is stable. He has been working for the same employer for

more than twenty years, and, as a member of Alcoholics Anonymous, has been helpful to many others seeking sobriety.  He has strong family and community support.  He has no convictions for violent behavior.  His most recent encounter with the criminal justice system was a domestic violence incident some eight or nine years ago involving his wife in which the charges were withdrawn.  The government has shown by clear and convincing evidence that Calabrese's release poses a risk to the safety of Victims 1 and 2.  In view of Calabrese's personal situation, his criminal history, his community support, and the nature of the government's evidence, however, the court concludes that are conditions of supervised release that will reasonably ensure the safety of other persons and the community if he is released pending trial.  A form of conditions of release for Calabrese is attached hereto as exhibit 1.  The United States Marshal is ordered to keep Calabrese in custody until he has posted bond and complied with all other conditions of release.

    2.  <u>Daniele</u>

As to the nature of the crimes charged, making extortionate extensions of credit has a potential for violence.  Other than an alleged confrontation with Victim 2 at Victim 2's workplace, the government did not present evidence of Daniele being involved directly in efforts to collect on debts or extortion payments.  When Victim 2 did not pay, Santaniello and Calabrese allegedly arranged a meeting with Victim 2 at which, according to the evidence, Daniele was not present.  The evidence at the detention hearing did not show that Daniele had involvement with or knowledge of the alleged extortion of Victim 1.  Daniele has a 1993 conviction for witness intimidation.  Otherwise, any record of violence is in domestic matters (where the record is extensive and disturbing).  In the absence of recordings, the government's case against Daniele, at this point, does not appear quite as strong as the cases against the other defendants.  Daniele is

disabled and has physical limitations. The government has shown by clear and convincing evidence that Daniele's release poses a risk to the safety of Victim 2. In view of Daniele's personal situation, the court concludes, however, that there are conditions of supervised release that will reasonably ensure the safety of other persons and the community if he is released pending trial. A form of conditions of release for Daniele is attached hereto as exhibit 2. The United States Marshal is ordered to keep Daniele in custody until he has posted bond and complied with all other conditions of release.

3. DePergola

As to the nature of the crime charged, extortion generally involves at least the threat of violence, and there were such threats here. In addition to the charges DePergola is facing in this court, he has been indicted on a charge of RICO conspiracy by a grand jury in the Southern District of New York. While the government's case for DePergola's knowledge of Incident 1 is strong, based on the recordings, the government's evidence of DePergola's involvement at the inception of Incident 1 appears less compelling than the evidence against Santaniello and Calabrese. DePergola did not seem to make explicit threats in the recordings related to Incident 1. The government presented no evidence that DePergola was involved in Incident 2. The government was aware of Incident 1 and DePergola's alleged role therein in 2013, but did not arrest him until 2016. DePergola is employed and has strong family connections in the area. He has no convictions for any violent crime. He was charged in this court with extortion and conspiracy to commit extortion in or around 2003. These are similar to the charges he is presently facing. He was released pre-trial in the earlier case. There is no indication on the docket that he violated his conditions of pre-trial release, and he completed two years of post-incarceration supervised release without incident. Because the evidence supports the allegation

of Mafia involvement, the government has shown by clear and convincing evidence that DePergola poses a risk of danger to Victim 1 if released pre-trial. In view of DePergola's history and personal situation, the court concludes, however, that there are conditions of supervised release that will reasonably ensure the safety of other persons and the community if he is released pending trial. A form of conditions of release for DePergola is attached hereto as exhibit 3. The United States Marshal is ordered to keep DePergola in custody until he has posted bond and complied with all other conditions of release.

    4.  Valentini

As to the nature of the crime charged, extortion generally involves at least the threat of violence, and there were such threats here. It does not appear from the recordings that Valentini made explicit threats of violence. The government's evidence showed him attending a single meeting, on October 4, 2013, related to Incident 1. The government presented no evidence that Valentini had knowledge of or was involved in Incident 2. The government was aware of Incident 1 and Valentini's alleged role therein in 2013, but did not arrest him until 2016. At this stage, the government's case against him appears strong but not overwhelming. He self-surrendered when notified of the indictment. As to Valentini's personal characteristics, he has no convictions for any crime involving violence. He was convicted of illegal gambling in state court in or around 2005. He was placed on probation, which he successfully completed on schedule. He has family ties in the area and a stable residence. He collects disability benefits. Based on the government's evidence of Valentini's alleged involvement in Incident 1, the government has shown by clear and convincing evidence that Valentini poses a risk of danger to Victim 1 if he is released pre-trial. Based on Valentini's history and personal circumstances, however, the court concludes that there are conditions of supervised release that will reasonably

ensure the safety of other persons and the community if he is released pending trial. A form of conditions of release for Valentini is attached hereto as exhibit 4. The United States Marshal is ordered to keep Valentini in custody until he has posted bond and complied with all other conditions of release.

|  |  |
|---|---|
| Dated: August 16, 2016 | /s/ Katherine A. Robertson<br>KATHERINE A. ROBERTSON<br>United States Magistrate Judge |