**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>2) GIOVANNI CALABRESE, )<br>)<br>Defendant. )<br>) | Criminal Case No. 16-CR-30033-TSH |

## GOVERNMENT'S OPPOSITION TO "DEFENDANT, GIOVANNI CALABRESE'S MOTION FOR RECONSIDERATION FOR RELEASE OF THE DEFENDANT" (DKT. NO. 455)

The United States of America, by and through, Andrew E. Lelling, United States Attorney for the District of Massachusetts, Neil L. Desroches, Assistant United States Attorney, David L. Jaffe, Chief of the Department of Justice Organized Crime and Gang Section and Marianne Shelvey, Trial Attorney, Department of Justice Organized Crime and Gang Section (the "Government"), hereby files its opposition to the "Defendant, Giovanni Calabrese's Motion For Reconsideration For Release of the Defendant" (Dkt. No. 455) filed on May 22, 2020. *See* Dkt. No. 455. The motion asserts a substantial change in circumstances, citing the increase in confirmed cases at FMC Lexington, Kentucky. For the reasons states in the Governments previous motion incorporated by reference, see Dkt. No. 441, arguments made to the Court on April 20, 2020, and additional information discussed in detail below, this Court should DENY the motion.

**Statement of the case**

On July 28, 2016, a federal grand jury sitting in Springfield, MA returned an Indictment charging Defendant Giovanni Calabrese ("Calabrese") and four co-defendants, Ralph Santaniello ("Santaniello"), Gerald Daniele ("Daniele"), Francesco Depergola ("Depergola") and Richard Valentini ("Valentini"), with conspiracy to extort and extortion, in violation of 18 U.S.C. § 1951 (Counts 1 and 2); conspiracy to use extortionate means to collect extensions of credit, in violation of 18 U.S.C. § 894(a) (Count 5); and using extortionate means to collect extensions of credit, in violation of 18 U.S.C. § 894(a) (Count 6). *See* Dkt. No. 4. Each count in the indictment carried a maximum sentence of 20 years in prison. The indictment charged that Calabrese was an associate of the Genovese crime family of La Cosa Nostra ("LCN") in New York, and that he committed various criminal acts in the Springfield area, including loansharking and extortion from legitimate and illegitimate businesses. *See* Dkt No. 4. The Defendant used threats of physical violence, exploited his relationship with LCN, to instill fear in his victims.

On November 6, 2017, pursuant to a plea agreement, Calabrese pleaded guilty to Counts 1, 2, 5, and 6 of the indictment. *See* Dkt. No. 162. At the time of sentencing, the Government asked the Court to impose a sentence of 57 months, the middle of the 51 to 63 month Guideline range. *See* Dkt. No. 284. The Defendant requested a variance from the guidelines and requested an imposition of a probation sentence. *See* Dkt. No. 278. On April 10, 2018, Calabrese was sentenced to thirty-six months in Bureau of Prisons. ("BOP") *See* Dkt. No. 294. The defendant is currently serving his sentence in Lexington, Kentucky at FMC Lexington and is due to be release on November 26, 2020. On April 16, 2020, the defendant filed a motion to be released due to the global pandemic. *See* Dkt. No. 437. After hearing, the Court denied the motion citing finding that the defendant had not met his burden necessary to secure compassionate release based on a

number of factors. *See* Dkt. No. 447. On May 22, 2020, the defendant filed a motion for reconsideration of the motion for release. *See* Dkt. No. 455. The Defendant is scheduled to be released to a half-way house on June 30, 2020 and released from BOP custody on November 26, 2020.

## **Discussion**

In response to the Attorney General's emergency directives, the BOP is reviewing home confinement eligibility for all inmates, with an emphasis on those with COVID-19 risk factors. To date, BOP has released 3,311 inmates to home confinement, approximately 1,800 more than when the defendant filed his original motion. *See* https://www.bop.gov/coronavirus (last visited May 29, 2020; updated daily at 3:00 p.m.). Although, regrettably, there has been a substantial increase in cases at the FMC Lexington, Kentucky, the unit where the defendant is being held has no current or past cases of COVID-19. In preparation for its response to this motion, the Government spoke to the Defendant's Case Manager, who informed the government that, in an effort to isolate and protect the 200 plus inmates in the unit from exposure to COVID-19, inmates from other units in FMC Lexington or other BOP facilities are not permitted to enter the defendant's unit. Additionally, only one case manager, one administrative assistant and a designated staff member are permitted to work within the unit. Case Managers, assistants and staff who are assigned to the unit, but have collateral duties in other units, are not permitted to enter.

The defendant's motion for reconsideration remains premature because the BOP has not denied him release to home confinement.[1] The defendant's Case Manager has informed the

---

[1] A more detailed legal analysis and argument can be found in the Governments previous motion incorporated by reference. *See* Dkt. No. 441

Government that the Warden has not denied the defendant's petition for release.[2] Courts have recognized that the BOP is statutorily authorized and best positioned to determine the proper treatment of the inmate population as a whole, taking into account both individual considerations based on an inmate's background and medical history and more general considerations regarding the conditions and needs at particular facilities. *See United States v. Credido*, 2020 WL 1644010 (S.D.N.Y. Apr. 2, 2020 (noting, in denying relief, inmate's failure to seek home confinement under section 3624(c) from the BOP in the first instance); *United States v. Lowe*, 2019 WL 3858603 (M.D.N.C. Aug. 16, 2019) (court has no authority under section 3462(c) to order BOP to place defendant on home confinement, but instead "could only compel the BOP to consider if [defendant] should be placed on home confinement.").

For the reasons stated above and those previously set forth, the United States respectfully request that the Defendant's Motion for Reconsideration be denied.

Respectfully submitted.

By:    ANDREW E. LELLING
United States Attorney

*/s/ Neil L. Desroches*
NEIL L. DESROCHES
Assistant United States Attorney

DAVID L. JAFFE
Chief, Organized Crime and Gang Section

*/s/ Marianne Shelvey*
MARIANNE SHELVEY
Trial Attorney

---

[2] The Defendant's Case Manager was unable to confirm whether the Defendant filed a petition with the warden. The only information he was able to provide was that the defendant's name did not appear on the list of individuals who the warden had rendered a decision to release or keep confined.

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              */s/ Neil L. Desroches*
                                              Neil L. Desroches
                                              Assistant United States Attorney

May 29, 2020