## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                          )
                                          )
**UNITED STATES OF AMERICA,**             )
                                          )          **CRIMINAL ACTION**
**v.**                                    )          **NO. 16-30033-TSH**
                                          )
**GIOVANNI CALABRESE,**                   )
                     **Defendant.**       )
_____ )


## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
### June 18, 2020

**HILLMAN, D.J.,**

Giovanni Calabrese ("Mr. Calabrese" or "Defendant") pled guilty to: conspiracy to interfere with commerce by threats of violence, in violation of 18 U.S.C. § 1951; interference with commerce by threats or violence and aiding and abetting, in violation of 18 U.S.C. §§ 1951 & 2; conspiracy to use extortionate means to collect extensions of credit, in violation of 18 U.S.C. § 894(a); and use of extortionate means to collect extensions of credit, in violation of 18 U.S.C. § 894(a). I sentenced him to thirty-six months' imprisonment followed by two years of supervised release. As of the date of this Order, he has served approximately thirty-one months of his thirty-six-month sentence. While his sentence is set to expire on November 26, 2020, Mr. Calabrese is scheduled to be released to a half-way house in a few weeks.

On May 22, 2020, Mr. Calabrese filed a motion for reconsideration of this Court's order denying his request for compassionate release pursuant to 18 U.S.C. §3582 due to the ongoing

COVID-19 pandemic.[1]  Mr. Calabrese has renewed his request for compassionate release, citing the danger that COVID-19 poses to his health and safety given the dramatic change of conditions at FMC Lexington. More specifically, at the time he filed his motion, FMC Lexington had the third highest number of positive COVID-19 cases in the federal prison system (212 inmates and 4 staff members) and four inmates had died from complications due to COVID-19.  As of the date of the hearing, circumstances had improved somewhat: FCM Lexington currently has 26 inmates and 2 staff members who have tested positive for the virus, however, 6 inmates have died due to complications from the virus. The current seriousness of conditions at FMC Lexington must be balanced against the fact that Mr. Calabrese is 55 years old, has served almost his entire sentence, had no prior criminal history and has no record of being disciplined while incarcerated.  After hearing argument of counsel, I have determined that Mr. Calabrese has met his burden to show the existence of extraordinary circumstances warranting release under 18 U.S.C. § 3582(c)(1)(A).

His sentence is reduced to time served, and his period of supervised release is increased by 5 months.  His 29-month term of supervised release shall begin as of the date of his release from FMC Lexington.  He shall further self-quarantine for the first fourteen days of his release.  All other conditions of supervised release from his April 18, 2018  judgment shall remain in effect.

## Discussion

Section 3582(c) begins with the general principle that a "court may not modify a term of imprisonment once it has been imposed . . . ."  Upon motion of the Director of the Bureau of Prisons or a defendant,[2] however, a court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

---

[1] Calabrese filed his original motion on April 16, 2020. At that time, FMC Lexington reported five cases of inmates testing positive for the virus and one guard.

[2] I need not determine whether a defendant must exhaust his administrative remedies before filing a motion with this Court because Mr. Calabrese's attorney represented during the hearing that his client filed a request for release with the warden more than 30 days ago. The warden has failed to act upon Mr. Calabrese's request for release.

unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A).  Mr. Calabrese argues that his age and the situation at FMC Lexington, where he is currently incarcerated, constitute extraordinary and compelling reasons justifying release.   After considering the current and potential prospective impact of the pandemic together with an individualized assessment of relevant factors as they pertain to Mr. Calabrese—(1) the defendant's age and health, including whether the defendant has any health conditions that place him at increased risk of serious illness or death from COVID-19; (2) the health, safety, and living conditions at the facility where the defendant is housed, any specific crowding issues, and the specific steps taken by the facility in response to the spread of COVID-19; and (3) the crime of conviction and length of the defendant's remaining sentence—I agree.

Mr. Calabrese is 55 years old and, other than his age, has not pointed to any specific medical conditions that place him at a higher risk. While the situation at FMC Lexington has improved over the last month,  I cannot say that based on the current number of positive cases and the deaths which have occurred that continued incarceration does not place an individuals like Mr. Calabrese at risk of exposure to the virus.   FMC Lexington has undertaken extensive measures to protect its inmates since issuance of the Attorney General's memo including significantly limiting interactions with staff and other inmates.  However, as the April-May statistics show, despite the prison's best efforts, the virus can appear suddenly and spread quickly in the prison population. Accordingly,  I cannot find that Mr. Calabrese's risk of exposure is insignificant.

I also find it very significant that although Mr. Calabrese was convicted of an offense involving violence, he had no prior criminal record before this conviction, only has five months left to serve on his thirty-six month sentence, and has not incurred any disciplinary problems while

incarcerated.  He does not appear to pose any danger to the public if released.  His release at this juncture is therefore consistent with the § 3553(a) factors.

In sum, I find that, under the particular circumstances as they exist in this case, Calabrese has shown extraordinary and compelling reasons warranting his release under § 3851(c)(1)(A). Accordingly, I _**grant**_ his motion for compassionate release.

### Conclusion

For the reasons explained above, I _**grant**_ Defendant's renewed motion for compassionate release.  (Docket No.455).  His sentence is reduced to time served, and his period of supervised release is increased by 5 months.  His 29-month term of supervised release shall begin on the date that he is released from FMC Lexington and he shall serve his term of supervised release at his residence in Enfield, Ct. Mr. Calabrese shall additionally self-quarantine for the first fourteen days after his release.  In furtherance of these conditions, the Court ORDERS that:

The defendant is to possess or have access to a telephone, smart phone, or compatible device that will allow video conferencing with the Probation Department.

All other conditions of supervised release from his April 18, 2018, judgment shall remain in effect.

**SO ORDERED**

_**/s/ Timothy S. Hillman**_
**Timothy S. Hillman**
**UNITED STATES DISTRICT JUDGE**